IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-1579-WDM-PAC

JERRY L. WILLIAMS,

      Applicant,

v.

AL ESTEP, LC.F. Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

      This matter is before me on the recommendation of Magistrate Judge Patricia A. Coan that the petition for writ of habeas corpus be denied. Applicant Jerry L. Williams (Williams) filed a timely objection to the recommendation. 28 U.S.C. §§ 636(b).

      I have reviewed *de novo* the pertinent portions of the record in this case, including the petition, the answer filed by respondents Al Estep and the Attorney General of Colorado (Respondents), the recommendation, and the objection. I conclude that the recommendation should be accepted.

      The recommendation concludes that Williams's habeas petition was not timely filed and that he has not presented grounds to warrant equitable tolling of the AEDPA's limitations period. Williams objects, first asserting that reliance on *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000), for the proposition that insufficient access to relevant law does not support equitable tolling, is misplaced. He does not clearly explain why, and his

citation to *Lewis v. Casey*, 518 U.S. 343 (1996), does not mandate a holding that prison law libraries must carry all conceivably relevant federal law, whether substantive or procedural. I have considered *Gibson*, as well as *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("it is not enough to say that the [prison] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"), and *Hill v. Workman*, 141 Fed. Appx. 754 (10th Cir. 2005) (absent diligence in pursuing claims, insufficient access to relevant law, such as AEDPA, does not support equitable tolling), all decided after *Lewis v. Casey*, in the context of the record in this case and can find no grounds for not following the Tenth Circuit here. Thus I agree with Magistrate Judge Coan that Williams's claim that the prison library did not contain the AEDPA does not create grounds for tolling the limitations period for filling his section 2254 petition.[1]

Williams also argues that Magistrate Judge Coan should have given his petition a liberal construction under *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991), to excuse his failure to allege specific facts that caused the impediment to filing, or that she should have held an evidentiary hearing to inquire about such facts. *Hall* does not require that a court make a *pro se* litigant's case for him, nor does a direction to provide a liberal construction to legal claims extend to a requirement that a court assume unalleged facts that are within the litigant's knowledge.

---

[1] I note that the fact that Williams filed his petition without knowledge of the AEDPA's limitations period weakens his assertion that the inadequacy of the prison library prevented meaningful access to courts; as the recommendation notes, he was still able to file his petition. Williams has provided no explanation of why he could not have filed an earlier habeas petition following denial of his first post-conviction motion, which became final in October 1997.

On the issue of the retroactivity of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Williams contends that I should not follow the recommendation's reliance on *United States v. Mora*, 293 F.3d 1213, 1218-1219 (10th Cir. 2002), because that case did not arise under Colorado law. *Mora*, which held that *Apprendi* is not applicable retroactively to initial habeas petitions, was not decided as a matter of state law, however, and thus validly precludes Williams from bringing a claim based on *Apprendi* (or *Blakely v. Washington*, 542 U.S. 296 (2004)) in this habeas case.

Williams complains that the recommendation did not address certain of his arguments that go to the merits of his claims. Given my agreement that his claims are time-barred, however, I also will not reach the merits of his claims.

Accordingly, it is ordered:

1. The recommendation issued by Magistrate Judge Coan on February 28, 2005, is accepted.

2. The petition for writ of habeas corpus filed July 30, 2004, is dismissed with prejudice as time-barred.

DATED at Denver, Colorado, on May 1, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge